## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BERNARD REED,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0648** (BOR Appeal No. 2052514)
(Claim No. 2017028985)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bernard Reed, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issue on appeal is the compensability of additional conditions in the claim. On September 1, 2017, the claims administrator held the claim compensable for strain of muscle, fascia and tendon of lower back. The claims administrator rejected the diagnoses of lumbar disc displacement and lumbar spinal stenosis. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order in an Expedited Decision dated January 31, 2018. This appeal arises from the Board of Review's Order dated June 18, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 6, 2017, Mr. Reed was working as a utility man for Spartan Mining Company when he injured his low back, left leg, and groin while lifting and loading a belt structure. He sought treatment at Bluefield Regional Medical Center. X-rays taken of the lumbar spine revealed moderately severe degenerative changes at L5-S1 with mild to moderate degenerative changes at multiple levels elsewhere. No acute abnormalities were observed. He was discharged from the hospital with a prescription of Medrol.

1

On June 7, 2017, Mr. Reed was treated by a physician at MedExpress in Princeton, WV, and the Employees' and Physicians' Report of Injury was completed at that time. The diagnosis was right low back injury. Mr. Reed visited MedExpress on June 13, 2017; June 20, 2017; and June 27, 2017, with complaints of back pain, which radiated to his left leg. He was diagnosed with strain of muscle, fascia and tendon of lower back and left-sided sciatica.

An MRI of Mr. Reed's lumbar spine was taken at Princeton Community Hospital on June 24, 2017. Basim Antoun, M.D., found no acute abnormality, but detected the following abnormalities:

> [l]igamentum flavum hypertrophy, facet joint arthropathy, mild disc bulge, and spinal canal narrowing at L3-L4; moderate degenerative disc, advanced facet joint arthropathy, ligamentum flavum hypertrophy, severe spinal canal and moderate biforaminal stenosis, left worse than right at L4-L5; and advanced disc space narrowing, small focal central posterior disc herniation, facet joint arthropathy, and mild biforaminal narrowing at L5-S1.

By Order dated June 26, 2017, the claims administrator found the claim compensable for a strain of muscle, fascia, and tendon of lower back, but excluded from compensability lumbago, low-back pain, and sciatica. Mr. Reed did not protest the claims administrator's decision.

Mr. Reed treated with Vincent Wardlow, D.C., on June 11, 2017. Mr. Reed represented to Dr. Wardlow that he was injured when he bent over and picked up a 200-pound structure and immediately felt shooting and sharp pain in his lower back and down his left side. Dr. Wardlow diagnosed Mr. Reed with acute lumbar and lumbosacral strain/sprains and multiple degenerative disc syndrome from L3-S1. He indicated that some complicating factors in this case were facet joint arthritis and some canal stenosis. Dr. Wardlow recommended continued chiropractic treatment.

Mr. Reed returned to MedExpress on July 18, 2017, and he reported that he had attended physical therapy. However, Mr. Reed reported that physical therapy had made his symptoms worse. He was diagnosed with spinal stenosis, lumbar region. He was also scheduled for a neurosurgical consultation. An unknown person affiliated with Independent Medical Services, Inc., completed an undated Diagnosis Update form, in which lumbar disc displacement, lumbar spinal stenosis, and lumbar radiculopathy are identified as Mr. Reed's diagnoses, based upon MRI findings. On July 19, 2017, Michael J. Kominsky, D.C., requested to add lumbar disc displacement and lumbar spinal stenosis as compensable condition.

Rajesh Patel, M.D., an orthopedic surgeon, examined Mr. Reed on July 31, 2017. Dr. Patel diagnosed the following: lumbar sprain; lumbar spinal stenosis at L4-L5; spondylolisthesis at L4-L5, with mild instability; lumbar radiculitis bilaterally; lumbar disc protrusion at L5-S1; mild stenosis at L3-L4; neurogenic claudication; and lumbar radiculitis. Although Dr. Patel believed that Mr. Reed was head for possible surgical intervention, he recommended continued chiropractic treatment and epidural injections.

By Order of the claims administrator dated September 1, 2017, the diagnosis of lumbar radiculopathy was accepted as a compensable component of the claim. Mr. Reed protested the claims administrator's decision and elected to proceed via the expedited adjudication process. In a second Order dated September 1, 2017, the claims administrator granted Dr. Kominsky's July 19, 2017, request to add lumbar radiculopathy as a compensable condition.[1]

Mr. Reed was seen by Brian Yee, D.O, on September 21, 2017. Dr. Yee indicated that he would recommend an epidural steroid injection for pain. He diagnosed Mr. Reed as suffering from lumbar sprain, lumbar disc degeneration, and lumbar radiculopathy.

Marsha Bailey, M.D., authored a report dated October 30, 2017, in which she stated that she evaluated Mr. Reed at the request of the claims administrator. She indicated that at the time of her evaluation, Mr. Reed exhibited a significant amount of symptom magnification. She believed that his simple sprain/strain injury of June 6, 2017, had resolved. Citing Mr. Reed's lumbar spine MRI, she noted that he suffered from moderate to severe to degenerative disc disease, facet arthropathy and ligamentum flavum hypertrophy, which all contributed to varying degrees of spinal canal stenosis. Dr. Bailey identified the conditions as relating to his normal aging process. She placed Mr. Reed into Lumbar Category II and assigned 5% impairment, which she apportioned totally to his preexisting condition of degenerative disc disease. By Order of the claims administrator dated November 19, 2017, Mr. Reed was granted a 0% permanent partial disability award. Mr. Reed protested the claims administrator's Order, which remains in litigation.

In a letter dated December 18, 2017, by Dr. Kominsky indicated that Mr. Reed had been treating with Dr. Kominsky from July 11, 2017, through December 18, 2017. Dr. Kominsky reported that Mr. Reed continued to experience residual pain related to the compensable injury. He diagnosed Mr. Reed with lumbar joint dysfunction, lumbar sprain/strain, lumbar disc displacement and lumbar spinal stenosis, which he related to Mr. Reed's injury. Dr. Kominsky commented that he disagreed with the conclusions of Dr. Bailey. He noted that Mr. Reed had been previously functioning at a high level of activity without any pain before the injury of June 6, 2017, and that his preexisting degenerative changes had not precluded Mr. Reed from performing at the physical demand level required for his work. Dr. Kominsky stated that he believed that Mr. Reed had not yet reached his maximum degree of medical improvement.

Mr. Reed was deposed on December 18, 2017. He testified that he had injured his lower back at the L4-L5 level in the 1980s and missed work for eight months due to the injury. At that time, Andrew E. Landis, M.D., diagnosed him with a herniated lumbar disc at the L5-S1 level on September 18, 1985. Mr. Reed denied having any lower back problems between his injury in the

[1]The claims administrator subsequently set aside its second Order dated September 1, 2017, and denied the request to add lumbar radiculopathy as a compensable condition, per Order dated March 27, 2018. The claims administrator's Order of March 27, 2018, did not exist before Mr. Reed's protest herein was decided, but it is contained in the evidentiary record relative to Mr. Reed's pending appeal in *Bernard Reed v. Spartan Mining Company* West Virginia Supreme Court No. 19-0644.

1980s and the compensable injury of June 6, 2017. On cross-examination, Mr. Reed was asked why he was prescribed Naproxen prior to his compensable injury. He replied that he did not know why he was taking Naproxen, but thought it was to treat his heart following his heart attack in 2010. He further testified that Dr. Yee was seeking approval for injections, but he was unable to administer injections because Mr. Reed had suffered a second heart attack eleven weeks before his deposition.

By Decision of the Office of Judges dated January 31, 2018, the September 1, 2017, Order of the claims administrator holding the claim compensable for strain of muscle, fascia and tendon of the lower back and rejecting the diagnoses of lumbar disc displacement and lumbar spinal stenosis was affirmed. By Corrected Order of the claims administrator dated March 27, 2018, the diagnosis of lumbar radiculopathy was denied as a compensable condition.

On June 18, 2019, the Board of Review affirmed the Decision of the Office of Judges dated January 31, 2018, which affirmed the claims administrator's September 1, 2017, Order. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges. However, the Board of Review took note that the claims administrator issued a Corrected Order on March 27, 2018, which held that the diagnosis of lumbar radiculopathy was denied as a compensable condition. By Decision dated January 11, 2019, the Office of Judges affirmed that Order. The Board of Review affirmed that Decision in a separate order dated June 18, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Mr. Reed has failed to sustain his burden of proving that his lumbar disc displacement and lumbar spinal stenosis have resulted from his occupational injury of June 6, 2017. X-ray reports dated June 6, 2017, and June 7, 2017, the MRI dated June 24, 2017, and Dr. Bailey's evaluation report of October 30, 2017, establish that neither lumbar disc displacement nor lumbar spinal stenosis resulted from the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison